981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Gregory K. TURNER, Defendant-Appellant.
 No. 92-5009.
 United States Court of Appeals,
Fourth Circuit.
 Argued: September 29, 1992
Decided: December 15, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CR-91-98-N)
 ARGUED: Donald R. Ray, Norfolk, Virginia, for Appellant.
 Mary Ann Snow, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 ON BRIEF: Richard Cullen, United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 Affirmed.
 Before WIDENER and HALL, Circuit Judges, and TRAXLER, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Gregory K. Turner appeals from the judgment of the district court entered after a jury found him guilty of possessing crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1988). We affirm.
 
 
 2
 Officer Darryl Jackson testified at Turner's trial that as an undercover officer he purchased crack from Turner. Jackson did not know Turner, but wrote notes within two hours of the incident physically describing the seller of the drugs. Jackson later identified Turner after reviewing numerous police photographs. These photographs were not introduced into evidence at trial.
 
 
 3
 Turner took the stand in his own defense and denied any involvement in the transaction with Jackson, as well as any involvement with drugs whatsoever or prior police investigations. Over Turner's objection, Detective C.W. Green, called as a rebuttal witness, testified that he had previously executed a search warrant at Turner's home and that suspected cocaine residue had been found. He further testified that Turner agreed to reveal a person dealing in large quantities of drugs in exchange for not being arrested. Green testified that Turner led police to the home of a drug dealer who was arrested as a result of the information provided by Turner.
 
 
 4
 Though Turner relied on alibi testimony and argued that he had been misidentified, the jury convicted him on both counts of the indictment. Turner was sentenced to concurrent sixty-three month terms of imprisonment on each count, to be followed by concurrent three-year terms of supervised release. Turner filed a timely notice of appeal.
 
 
 5
 On appeal, Turner contends that: (1) he was improperly denied access to the photographs reviewed by Jackson; (2) Green's testimony was improperly admitted; and (3) there was insufficient evidence of identification.
 
 
 6
 Turner argues that he was entitled to the photographs viewed by Jackson under Fed. R. Crim. P. 16; the Jencks Act, 18 U.S.C. § 3500 (1988); Brady v. Maryland, 373 U.S. 83 (1963); and "fundamental fairness." On none of these grounds is Turner entitled to relief.
 
 
 7
 Federal Rule of Criminal Procedure 16(c) provides that, "[u]pon request of the defendant," the government shall produce all photographs which are material to preparation of the defense. Rule 16(c), however, applies to pretrial discovery and requires disclosure only upon request of the defendant. Review of the district court docket reveals that no request under Rule 16(c) was ever made by Turner prior to trial.
 
 
 8
 During the trial, Turner's defense counsel asked witnesses for the government for the whereabouts of the photographs used to initially identify him. During the examination of Richard Black, a government witness, the government elicited testimony that the photographs were present in the courtroom. On cross-examination, Black confirmed that the police department still possessed the photographs. Additionally, Detective Green, responding to a question from Turner's counsel, testified that the photographs "could be gotten."
 
 
 9
 Despite Turner's assertions to the contrary, a reasonable reading of the record shows that Turner never asked for actual production of the pictures. His questions sought only information about the location of the pictures; he clearly was not asking for delivery of them to him. It is apparent from the record that by asking questions about the photographs without actually requesting their production, Turner was attempting to develop a strategy that would enable him to question the validity of the photographic identification in his closing argument. Having done this, however, he cannot now complain of his failure to actually receive the photographs when his trial tactics show he did not actually want them.
 
 
 10
 The Jencks Act requires the disclosure of all "statements" of government witnesses which relate to the subject of their testimony. Photographs are not "statements" under the Act unless they have been incorporated into a written statement which is otherwise covered by the Act. Simmons v. United States, 390 U.S. 377, 387 (1968). There is no evidence that the photographs were incorporated into any written statement given by any of the government witnesses. Accordingly, the production of the photographs was not required under the Jencks Act.
 
 
 11
 Under Brady, "suppression by the prosecution of evidence favorable to an accused upon request violates Due Process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87. Evidence is material if " 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.' " Pennsylvania v. Ritchie, 480 U.S. 39, 57 (1987) (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)); see also Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980).
 
 
 12
 The photographs were not material. The facts are undisputed that Jackson had just finished going through a book full of photographs without success in identifying anyone when he was shown approximately eight additional photographs from which he was able to make a positive identification of Turner. It is obvious that Jackson viewed a substantial number of photographs prior to identifying Turner. Additionally, even if the photographs somehow tainted Jackson's identification, Jackson saw Turner again on December 29, 1990, well after the initial photographic identification. Jackson testified that the man he saw on December 29 was the same man who had sold him crack previously. Detective Green, who knew Turner prior to the undercover operation, personally witnessed the events of December 29, 1990 and testified that the person Jackson dealt with on that date was indeed Turner. In light of this subsequent observation and corroborated identification, the identification at trial was not affected by the photographic identification, and the photographs were therefore not "material."
 
 
 13
 Turner next argues that the district court erred in allowing Detective Green to testify concerning Turner's prior involvement with narcotics. We find no error in the district court's admission of this testimony. Turner opened the door to such testimony by taking the stand and denying any involvement with drugs. See United States v. Hunt, 749 F.2d 1078, 1084 (4th Cir. 1984) ("[h]aving 'opened the door' the defendant may not be heard to complain of testimony which proved adverse to his position"), cert. denied, 472 U.S. 1010 (1985).
 
 
 14
 Finally, Turner argues that Jackson's identification of him was "so flawed" that there was insufficient evidence to sustain a finding of guilt. All of the potential weaknesses in the identification he now raises go to Jackson's independent ability to remember and identify the person from whom he bought the drugs. As such, the issue is clearly one of credibility, an issue not reviewable on appeal except in circumstances not present here. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).
 
 
 15
 Accordingly, the judgment of the district court is affirmed.
 
 AFFIRMED